Douglas P. Farr (13208)
BUCHALTER
A Professional Corporation
111 S. Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone: 801-401-8625
Email:  dfarr@buchalter.com

Attorneys for Plaintiff
Savory Swig Stores, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| SAVORY SWIG STORES, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BLK. BRANDS, LLC, a New York limited liability company; DOES 1-10, inclusive,<br><br>Defendants. | COMPLAINT<br><br>Case No.   2:22-cv-00491-CMR<br><br>Judge   Cecilia M. Romero<br><br>JURY DEMANDED |

Plaintiff Savory Swig Stores, LLC ("Plaintiff"), by and through its attorneys, brings this action against Defendant BLK. BRANDS, LLC ("Defendant"), and alleges as follows:

### THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the state of Utah, with a principal place of business located at 1557 W. Innovation Way, Suite 150, Lehi, Utah 84043.

2. Defendant is a limited liability company organized and existing under the laws of the state of New York, with a principal place of business located at 26565 Agoura Road, Suite 205, Calabasas, California 91302.

3.     Plaintiff is informed and believes, and on that basis alleges, that Defendant sells its products, including the products alleged herein to infringe upon the rights of Plaintiff, throughout the United States and specifically in this judicial district.

4.     Plaintiff is informed and believes and, thereon alleges, that Defendants DOES 1 through 10, inclusive, and other-as-of-yet unidentified parties have infringed upon Plaintiff's rights and have contributed to the infringement or have otherwise engaged in the wrongful acts alleged herein.  The true names of Defendants 1 through 10 are presently unknown to Plaintiff, which, therefore, sues said Defendants by such fictitious names.  Plaintiff will seek leave to amend this Complaint with their true names and capacities once ascertained.

## JURISDICTION AND VENUE

5.     This action arises under the Lanham Act, 17 U.S.C. § 1051, et seq.

6.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338, and Lanham Act, 15 U.S.C. §§ 1051, 1125, et seq.

7.     The Court has personal jurisdiction over the Defendant because it does business in this judicial district, and sells products that infringe upon Plaintiff's rights in this judicial district.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims alleged herein occurred while Defendants were located in this judicial district.

## PLAINTIFF'S OPERATIONS AND ITS DIRTY MARK

9.     Plaintiff operates as a drive-by drink shop, serving original and distinctive soda and beverages.  Plaintiff opened its first location in 2010 in Saint George, Utah, and has since opened up a number of additional locations, including locations in Utah and Arizona.

10.    Since it opened its first location, Plaintiff has used its DIRTY mark in connection with the beverages it sells.  Plaintiff uses its DIRTY mark to signify a soda or beverage that has been modified through the use of syrups, flavors, pureed fruit or other mix-ins to create a unique

spin on traditional sodas. Plaintiff's customers can select from a multitude of house-made concoctions, or create their own DIRTY beverage by mixing and matching any number of syrups, flavors and mix-ins with a base beverage.

11. Plaintiff's products, and specifically its DIRTY beverages, are hugely popular among Plaintiff's legion of loyal customers. Plaintiff counts among its customers celebrities who have taken to social media to express their love for Plaintiff's DIRTY sodas, thereby expanding the scope and geographic reach of Plaintiff's reputation and fame. Plaintiff's DIRTY sodas have also received nationwide media coverage.

12. In connection with the sale of beverages, particularly flavored beverages, consumers have come to understand that DIRTY sodas or beverages are associated with Plaintiff. Indeed, Plaintiff has used the "Home of the Dirty Soda" motto to signify Plaintiff as the creator and originator of DIRTY sodas and beverages.

13. Plaintiff also has specific menu items that use the word DIRTY to describe a particular flavor combination. For example, Plaintiff sells a DIRTY DR. PEPPER, which is a combination of Dr. Pepper soda and coconut flavoring, and a DIRTY S.O.P., which is a combination of Dr. Pepper soda, coconut and peach flavoring.

14. Plaintiff acquired common law rights in its DIRTY trademark in or about 2010, when Plaintiff first commenced its use of the DIRTY mark.

15. Plaintiff has continued to use its DIRTY mark in connection with the sale of its products since its first use.

16. In 2013, Plaintiff applied for and was granted a trademark registration for the trademark DIRTY, U.S. Trademark Registration No. 4,611,070. While this registration lapsed in 2021, Plaintiff's common law rights subsist due to Plaintiff's continued and uninterrupted use of its DIRTY mark as set forth herein.

17. Plaintiff's common law rights in its DIRTY mark extend to all geographical areas where Plaintiff uses the mark, including in Utah and Arizona.

### DEFENDANT'S INFRINGING USE OF PLAINTIFF'S DIRTY MARK

18. Defendant operates as a manufacturer, seller and distributor of beverages, including water, flavored waters and drinks, and related products.

19. Among the products being offered for sale and sold by Defendant is a flavored lemonade that Defendant calls DIRTY LEMONADE.

20. Plaintiff is informed and believes, and on that basis alleges, that Defendant is using the word DIRTY on its products, and specifically its DIRTY LEMONADE product.

21. Defendant markets, promotes, offers for sale and sells its DIRTY LEMONADE product on its website (www.shop.getblk.com/collections/flavors.products/blk-dirty-lemonade), which is viewable to consumers across the United States.

22. Plaintiff is informed and believes, and on that basis alleges, that in addition to being sold on its website, Defendant sells its DIRTY LEMONADE product at a number of brick and mortar stores across Utah and Arizona (and other states), including at such major retailers as Walmart, Ross Stores and Sprouts Stores.

23. Below is an image of Defendant's DIRTY LEMONADE being sold at a Walmart store in American Fork, Utah in July 2022:



24.     Plaintiff operates 13 locations within 15 miles of the Walmart store where the above shown product is being sold.  At each of these locations, Plaintiff uses its DIRTY mark in connection with the sale of its products.

25.     Plaintiff's rights to the DIRTY mark are senior to those of Defendant in every geographic location where Plaintiff's use pre-dates that of Defendant, most notably in Utah and Arizona.  In addition to the foregoing territories, Plaintiff's rights are also senior to those of Defendant in Plaintiff's reasonable zone of expansion, which includes California, Idaho, Colorado, Nevada, Texas, Oklahoma, and Missouri.

## FIRST CLAIM FOR RELIEF
(Trademark Infringement and Unfair Competition Lanham Act, 43(a))

26. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 25 as if fully set forth herein.

27. Plaintiff uses its DIRTY mark in connection with the sale of sodas and beverages. Plaintiff's common law rights in its DIRTY mark are valid and subsisting.

28. By virtue of Plaintiff's prior use, Plaintiff is informed and believes, and on that basis alleges, that Defendant was fully aware and had actual notice of Plaintiff's rights in its DIRTY mark prior to Defendant's first use of the mark.

29. Despite the foregoing knowledge, Defendant commenced use of a mark in connection with its sales of flavored water products that is identical, or nearly identical, to Plaintiff's DIRTY mark.

30. Defendant's unauthorized use of a mark that is identical to Plaintiff's trademark is willful, intentional and intended to trade off Plaintiff's goodwill.

31. Defendant's continued use of a mark that is identical to Plaintiff's DIRTY mark in connection with the offering for sale of Defendant's products is likely to cause confusion in the marketplace, cause mistake, or deceive consumers into believing that Plaintiff authorizes or sponsors Defendant's products.

32. Defendant's conduct as alleged herein infringes on Plaintiff's common law rights in its DIRTY mark.

33. By virtue of its knowledge of Plaintiff and its DIRTY mark, Defendant's continued infringement is willful and intentional and undertaken without regard for the harm that such infringement would cause Plaintiff.

34. Plaintiff is informed, and based thereon alleges, that unless restrained, Defendant will continue the acts complained of herein, all to Plaintiff's irreparable damage. It will be extremely difficult to ascertain the amount of compensation that would afford Plaintiff adequate

relief therefor, and unless Defendant is preliminarily and permanently enjoined from using a mark that is identical to Plaintiff's DIRTY mark, or any mark that is confusingly similar thereto, Plaintiff will be irreparably damaged.

PRAYER FOR RELIEF

Therefore, Plaintiff prays for judgment against Defendant as follows:

1. Finding that Defendant has infringed upon Plaintiff's trademark rights;

2. That Defendant, its agents, servants, employees, and all other persons in privity or acting in concert with them, be enjoined from (a): offering for sale, selling, displaying, advertising, distributing or otherwise trafficking in any product using any mark which is identical to Plaintiff's DIRTY mark, or any other mark, name, symbol, or logo that is a reproduction, counterfeit, copy, or colorable imitation of, incorporates or is confusingly similar to, or is substantially indistinguishable from the DIRTY mark;

3. Ordering Defendant to deliver to Plaintiff for destruction all advertisements, promotional materials, and product that contains or features the mark used by Defendant which is identical to Plaintiff's DIRTY mark, or any other trademarks, names or logos, that are a counterfeit, copy, or colorable imitation of, confusingly similar to, or substantially indistinguishable from the DIRTY mark, as permitted under the Lanham Act, 15 U.S.C. § 1118;

4. Granting an award of damages to Plaintiff, as a result of Defendant's infringement of the DIRTY mark, as permitted under the Lanham Act, 15 U.S.C. §§ 1114; 1116; 1117(a); 1117(c); 1125 et seq., and according to proof at the time of trial;

5. For Plaintiff's attorney's fees and the costs as permitted under the Lanham Act, 15 U.S.C. § 1117;

6. For treble damages and other exemplary damages as may be available under the law;

7. For pre-judgment interest as allowed by law;

8. For an award of Plaintiff's costs of this action; and

9. Such other relief as this Court deems just and reasonable.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues in the Complaint that are triable by jury.

DATED: July 29, 2022                         BUCHALTER
                                             A Professional Corporation

                                             By: _____
                                                      Douglas P. Farr
                                                      Attorneys for Plaintiff
                                                      Savory Swig Stores, LLC

8