IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SAVORY SWIG STORES, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BLK BRANDS, LLC, a New York limited liability company; DOES 1-10, inclusive,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT BLK BRANDS, LLC'S AMENDED MOTION TO TRANSFER VENUE<br><br><br><br>Case No. 2:22-CV-491-TS-DAO<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant BLK Brands, LLC's Amended Motion to Transfer Venue. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

Plaintiff is a Utah entity that operates drive-by drink shops. Plaintiff alleges that it has used the term "DIRTY" "to signify a soda or beverage that has been modified through the use of syrups, flavors, pureed fruit or other mix-ins to create a unique spin on traditional sodas."[1] Defendant, a California entity, sells a flavored lemonade that it markets as "DIRTY LEMONADE." Plaintiff contends that Defendant's use of the term "DIRTY" infringes Plaintiff's trademark under Utah and common law. Defendant seeks transfer to the Central District of California.

---

[1] Docket No. 26 ¶ 10.

## II. DISCUSSION

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[2] The party seeking transfer of venue bears the burden of establishing that the existing forum is inconvenient.[3] "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue."[4] "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"[5]

The Tenth Circuit has developed factors to be weighed in determining whether to transfer venue:

> Among the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.[6]

---

[2] 28 U.S.C. § 1404(a).

[3] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

[4] *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992).

[5] *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964)).

[6] *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967).

Under the first factor, a plaintiff's choice of forum should rarely be disturbed, "unless the balance [of factors] is strongly in favor of the movant."[7] As will be discussed below, the balance of the factors do not weigh strongly in favor of Defendant. Therefore, the Court will not disturb Plaintiff's choice of forum. Nevertheless, Defendant argues that courts "accord little weight to a plaintiff's choice of forum 'where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum.'"[8] Unlike the cases cited by Defendant where the connections to Utah were tenuous,[9] this case involves a Utah entity asserting claims under Utah state law based on alleged misconduct occurring in Utah and elsewhere. This is not a situation where Plaintiff's chosen forum has little connection with the operative facts of the case.

Next, the Court considers the convenience of witnesses. "The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)."[10] To demonstrate a venue is inconvenient to witnesses, the movant must "(1) identify the witnesses and their locations; (2) 'indicate the quality or materiality of the[ir] testimony'; and (3) 'show[ ] that any such witnesses were unwilling to come to trial . . . [,] that deposition testimony would be unsatisfactory[,] or that the use of compulsory process would be necessary.'"[11]

Here, witnesses and sources of proof are located in both California and Utah, as well as a handful of other states where Defendant allegedly sells its product. While Defendant identifies a

---

[7] *Scheidt*, 956 F.2d at 965 (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)).

[8] *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010) (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993)).

[9] Docket No. 35, at 6.

[10] *Emps. Mut. Cas. Co.*, 618 F.3d at 1169 (quoting *Cook*, 816 F. Supp. at 669).

[11] *Id.* (quoting *Scheidt*, 956 F.2d at 965) (alterations in original).

number of its employees who may be potential witnesses, there is no evidence that any of these out-of-state witnesses will be unwilling to come to Utah for trial, nor is there evidence that deposition testimony would be unsatisfactory. Therefore, this factor does not weigh in favor of transfer.

Next, Defendant argues that the cost of litigating this case will be significantly lower in the Central District of California. However, Defendant's conclusory assertion is not sufficient. "[T]he record contains no evidence concerning the potential costs of litigating the case in [California]," therefore this argument fails.[12]

The Court next considers the difficulties that may arise from congested dockets. "When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge."[13] Here, the median time from filing to disposition, the median time from filing to trial, and pending cases per judge favor the Central District of California, while the average weighted filings per judge favor the District of Utah.[14] Therefore, this factor is largely neutral.

Next, the possibility of the existence of questions arising in the area of conflict of laws and the advantage of having a local court determine questions of local law weigh slightly against transfer. "[C]ourts prefer the action to be adjudicated by a court sitting in the state that provides

---

[12] *Id.*

[13] *Id.*

[14] *See* Administrative Office of the United States Courts, Federal Court Management Statistics, *available at* https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-september-2022.

the governing substantive law."[15] Here, Utah provides the substantive law as to two of Plaintiff's claims. Therefore, these factors weigh against transfer.

The remaining factors either do not apply here or are neutral. There are no concerns as to the enforceability of a judgment if one is obtained. Defendant points to no evidence to suggest it cannot receive a fair trial in Utah. Finally, Defendant points to no other practical considerations that would make litigation in California more easy, expeditious, or economical than litigation in Utah. Instead, Defendant merely seeks to shift the inconvenience to Plaintiff, which is not a sufficient reason for transfer.

### III. CONCLUSION

It is therefore

ORDERED that Defendant BLK Brands, LLC's Amended Motion to Transfer Venue (Docket No. 35) is DENIED.

DATED this 6th day of March, 2023.

BY THE COURT:

Ted Stewart
United States District Judge

---

[15] *Emps. Mut. Cas. Co.*, 618 F.3d at 1169